UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

ALBERT BETEMIT,

                        Petitioner,       9:05-CV-0309

       vs.

T.R. CRAIG,

                        Respondent.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:

ALBERT BETEMIT
Petitioner, pro se
33807-083
FCI Ray Brook
P.O. Box 9004
Ray Brook, NY 12977

DAVID N. HURD
United States District Judge

**U. S. DISTRICT COURT
N. D. OF N. Y.
FILED**

APR 1 4 2005

AT _____ O'CLOCK ____M
LAWRENCE K. BAERMAN, Clerk
UTICA

## DECISION and ORDER

### I. Background

      Presently before the Court is a petition for habeas corpus brought by Albert Betemit ("Petitioner") pursuant to 28 U.S.C. § 2241 together with an application to proceed *in forma pauperis.* Dkt. Nos. 1, 2.[1]

      Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New York, brings this action to challenge his conviction on multiple narcotic-related charges

---

[1] The petition is comprised of three separate documents attached to each other. The pages of the first document, which is a form Section 2241 petition, are unnumbered. The second document, referred to as a "Petition Pursuant to 28 U.S.C. § 2241 Under the 'Savings Clause' of 28 U.S.C. § 2255," is paginated, beginning at page 1 and ending at page 6. The third documents is a "Petition Pursuant to 28 U.S.C. § 2241" under the heading of the Eastern District of Virginia, the pages of which are numbered from page 7 through 51. For ease of reference, the Court will refer to these documents as one submission, beginning at page 1 and ending at page 55.

and the sentences imposed thereon by the United States District Court for the Eastern

District of Virginia.  Petitioner states that he was sentenced in 1996 to several terms of

imprisonment, including five terms of life imprisonment, to be served concurrently with the

other sentences.  Dkt. No. 1 at 5.  Petitioner's conviction and sentence were affirmed by

the United States Court of Appeals for the Fourth Circuit, and the United States Supreme

Court denied certiorari in 1998.  *Id.*; *United States v. Betemit*, 523 U.S. 1035 (1998).

Petitioner states that he filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing

court which that court denied.  Dkt. No. 1 at 5.  Petitioner also sought leave from the

Fourth Circuit to file a second or successive petition under § 2255, which request was

denied by that court.  Dkt. No. 1 at 13-14.

In support of this petition, Petitioner asserts that he is entitled to a new trial and/or

resentencing.  Petitioner claims that his Sixth Amendment right to confront witnesses was

violated when the trial court admitted certain testimonial statements against him without an

opportunity for cross-examination and that the decision of the United States Supreme

Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004)[2] establishes his

right to new trial.  Petitioner also claims that  the sentencing court enhanced his sentence

based upon facts which were not admitted by the petitioner, nor found by a jury "beyond a

reasonable doubt."  Dkt. No. 1 at 3.  Relying on the recent decision of the United States

Supreme Court in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005),[3] Petitioner

---

[2]  The Supreme Court held in *Crawford* that the Sixth Amendment bars admission of out-of-court testimonial statements made by a declarant who does not testify at trial unless the declarant is unavailable and the defendant previously had the opportunity to cross-examine the declarant.  *Crawford*, 541 U.S. at 68-69.

[3]  In *Booker*, the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984 (SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with

2

asserts that these enhancements violate his Sixth Amendment right to a jury trial, and that he is therefore entitled to resentencing. Dkt. No. 1 at 11.[4] Petitioner requests that the petition be "forwarded" to the Eastern District of Virginia (the sentencing court) because that court is familiar with the details of Petitioner's conviction and sentencing proceedings and the interests of justice would be served by the transfer. Dkt. No. 1 at 6.

## II. Discussion

### A. Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir. 1997). That right, however, is not unlimited. Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion. The statute provides, in pertinent part, that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

---

congressional intent." *Booker*, __ U.S. __, 125 S.Ct. at 746 .

[4] Petitioner does not claim that he is actually innocent of the crimes of which he was convicted.

3

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper means to challenge the execution of a sentence. *Adams*, 372 F.3d at 134; 28 U.S.C. § 2241. For example, a § 2241 petition may be used to challenge computation of a sentence by federal officials, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). A federal prisoner may generally not seek relief from his conviction or sentence pursuant to a § 2241 petition.

## B. Section 2255's Savings Clause

There is an exception to the bar against a federal prisoner using a § 2241 petition to collaterally attack a federal conviction. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman*. The Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.[5]

---

[5] Courts which have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most situations. *See, e.g.*, *Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian*, 245 F.3d at 147-48 (§ 2255 remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion; *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255's remedy is not inadequate and ineffective simply because the

4

Therefore, where a petitioner claims that the § 2255 remedy is not available, and also asserts a claim of actual innocence that can be proved upon the existing record and could not have been asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003); *see also Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003).[6]

## C. **Petitioner's claims**

Petitioner asserts two Sixth Amendment claims in support of the petition.  Petitioner claims that grand jury testimony given by a named co-conspirator of Petitioner's was admitted against Petitioner at trial without Petitioner having been afforded an opportunity to cross-examine this witness in violation of the Sixth Amendment's Confrontation Clause. Dkt. No. 1 at 18-21.  Petitioner also argues that the sentencing court enhanced his sentence based upon facts which were not admitted by Petitioner, nor found by a jury beyond a reasonable doubt in violation of his Sixth Amendment right to a jury trial.  These assertions clearly challenge Petitioner's convictions and the imposition of his sentence, and not the execution of his sentence.  Thus, Petitioner's remedy lies with § 2255, unless

---

petitioner allowed the one year statute of limitations to expire); *Triestman*, 124 F.3d at 376 (procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (the § 2255 remedy is not inadequate or ineffective for purposes of the savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[6] In *Cephus*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.'" *Cephus*, 328 F.3d at 104 (*citing Triestman*, 124 F.3d at 378).  The *Cephus* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.*(quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

As noted above, Petitioner previously filed a § 2255 motion in the United States District Court for the Eastern District of Virginia, which was denied.  Pursuant to § 2255, he may not file a second or successive motion unless he first receives permission from the United States Court of Appeals for the Fourth Circuit to do so.  *See* 28 U.S.C. § 2255. Petitioner does not claim to have sought the necessary certification from the Fourth Circuit; instead, he states his belief that the Fourth Circuit will not grant him permission to file a second or successive § 2255 motion because "the Supreme Court has not yet made either of these two monumental decisions, explicitly retroactive for cases on collateral review."  Dkt. No. 1 at 6.[7]

The Court agrees with Petitioner's assessment of his chances of prevailing before the Fourth Circuit on these issues.  The Second Circuit has ruled that *Crawford* does not apply retroactively to cases, like this one, on collateral review.  *Mungo v. Duncan*, 393 F.3d 327, 336 (2d Cir. 2004); *see also Garcia v. United States*, No. 04-CV-0465, 2004 WL 1752588, at *4 (N.D.N.Y. Aug. 4, 2004) (McAvoy, D.J.).[8]  The Second Circuit has also held that *Booker* does not apply retroactively to cases that have reached final resolution. *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005)*; see also Mincone v. United*

---

[7]  Of course, even if the Fourth Circuit Court of Appeals was to certify a second or successive motion, this Court would lack jurisdiction to entertain that motion because a petitioner must file it in the sentencing court.  *See* 28 U.S.C. § 2255.

[8]  Other Circuits have also held that *Crawford* is not retroactive to cases on collateral review.  *Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir. 2005); *Murillo v. Frank*, No. 04-2202, 2005 WL 736260, *3 (7th Cir. Apr. 1, 2005); *Brown v. Uphoff*, 381 F.3d 1219, 1226-27 (10th Cir. 2004); *Hiracheta v. Attorney General of State of California*, 105 Fed.Appx. 937, 938, 2004 WL 1801730, *1 (9th Cir. 2004) .

*States*, 353 F. Supp.2d 316, 318 (N.D.N.Y. 2005) (Munson, S.J); *United States v. Reyes*,

No. 90-CR-584-01CSH, 2005 WL 427578 *1 (S.D.N.Y. Feb. 23, 2005).[9]

In light of the apparent unavailability of a second or successive § 2255 motion to

the sentencing court as a means to address Petitioner's claimed Sixth Amendment

violations, Petitioner seeks to invoke § 2255's savings clause as the jurisdictional basis of

his current § 2241 petition. In this case, however, nothing in Petitioner's application

establishes that § 2255's remedy would be inadequate or ineffective in addressing the

legality of his detention. While it appears that the § 2255 remedy is unavailable to

Petitioner, that alone does not establish that the remedy is inadequate or ineffective.

Furthermore, the Court also concludes that its denial of Petitioner's request to proceed

under § 2255's savings clause does not raise a "serious constitutional question." *Love*,

333 F.3d at 73.

The Court finds support for this conclusion in the Second Circuit's decision in *Love*,

in which it concluded that foreclosing an *Apprendi* challenge under § 2255's savings

clause did not raise serious constitutional questions. Quoting the Eighth Circuit, the *Love*

court stated:

> [w]e believe th[e] argument [that prisoners should be able to file
> under section 2241 because *Apprendi* claims are not
> reviewable under section 2255] is flawed because it attributes
> blame to the wrong source. [Petitioners] contend § 2255 is
> inadequate or ineffective because it is the impediment to the
> relief they seek. But this is not so. Their true impediment is
> *Apprendi* itself, not the remedy by § 2255 motion.

---

[9] Likewise, courts in other circuits that have addressed the issue have concluded
that *Booker* does not apply retroactively to cases on collateral review. *See, e.g Varela v.
United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *Humphress v. United States*, 398
F.3d 855, 863 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.
2005); *United States v. Comarovschi*, No. CRIM.A.3:03 CR 00127, 2005 WL 605784 *2
(W.D. Va. Mar. 15, 2005).

*Love*, 333 F.3d at 74 (quoting *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir.), *cert denied*, 537 U.S. 869 (2002)).  Likewise, in this case, because neither *Crawford* nor *Booker* have been made retroactive to cases on collateral review, it is not § 2255's gatekeeping provision that is responsible for Petitioner's inability to raise his Sixth Amendment claims; rather, it is the unavailability of the *Crawford* and *Booker* claims themselves.

Therefore, the Court finds that § 2255's savings clause does not apply to this case and this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[10]

Finally, the Court notes that in *Tyler v. Cain*, 533 U.S. 656 (2001), the Supreme Court considered the question of whether new rules of constitutional law apply retroactively to second or successive petitions, and concluded that "a new rule is not 'retroactive to cases on collateral review' **unless the Supreme Court holds it to be retroactive.**"  *Id.* at 663 (emphasis added) (footnote omitted).  Thus, until the Supreme Court holds that *Crawford* and/or *Booker* applies retroactively to cases on collateral review, Petitioner cannot raise challenges based thereon as a basis for a second or successive § 2255 motion or a § 2241 petition.  Accordingly, the Court dismisses Petitioner's petition without prejudice.

### D. *In forma pauperis* application and request to transfer

Petitioner requests *in forma pauperis* status and asks this Court to transfer this petition to the Eastern District of Virginia.  In light of the dismissal of the petition, these requests are denied as moot.

---

[10] Even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition.  *See* 28 U.S.C. § 2255.

### III. **Conclusion**

Accordingly, for the reasons set forth above, it is hereby

ORDERED**,** that the petition in this action is dismissed without prejudice, and it is further

ORDERED, that petitioner's *in forma pauperis* application (Dkt. No. 2) is denied as moot, and it is further

ORDERED, that Petitioner's request to transfer this action is denied as moot, and it is further

ORDERED. that the Clerk serve a copy of this Decision and Order on Petitioner.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   April 14, 2005
         Utica, New York.